SECOND NATIONAL BANK OF NASHUA v. WOOD.

A debt is not destroyed by a discharge in bankruptcy. It remains a a valid debt, but its collection is barred if the discharge is pleaded. It may be revived by a new promise, and the original consideration for the debt is a sufficient consideration for the new promise.

Whether a recognizance entered into by a tenant, under the landlord and tenant process, to pay rent due and that shall become due, revives a debt against the tenant for rent barred by a discharge in bankruptcy, *quœre*.

WRIT OF SUMMONS, for the possession of certain premises occupied by the defendant as tenant of the plaintiffs, commenced April 22, 1879, under the provisions of Gen. Laws, c. 250. In the police court the defendant filed a plea of title, and recognized May 1, 1879, with sureties according to the provisions of c. 250, s. 12, and the action was thereupon entered in this court. Upon a trial before a referee the tenancy was admitted, and the only question tried was that of damages. The referee found due the plaintiff for rent the sum of $25 per month from March 5, 1878, to the date of the finding. The defendant, against the plaintiffs' exception, proved that April 15, 1879, he received a discharge in bankruptcy from all debts and claims provable against his estate in bankruptcy which existed August 31, 1878. The plaintiffs claimed to recover of the sureties, notwithstanding the principal's discharge.

*Stevens & Parker*, for the plaintiffs.

*G. Y. Sawyer & Sawyer, Jr.*, for the defendant.

SMITH, J. The rent that accrued prior to August 31, 1878, was none the less due because the defendant had received his discharge from the district court. The debt was not destroyed by the discharge, but remained so far a valid debt against the defendant that he could revive it by a new promise to pay it, and the consideration for the original debt would be a sufficient consideration for the new promise. His discharge was a personal privilege, of which he might decline to avail himself. The debt resembles a debt barred by the statute of limitations, which may be recovered, although the statute is pleaded if a new promise is shown within the period of limitation.

The defendant has not submitted any argument, or suggested that the discharge is a bar in this case. Whether a discharged bankrupt can contest the title in such a proceeding as this without waiving his discharge as to the rent, and whether the defendant by entering into recognizance after his discharge to pay the rent then

due, as well as the rent that should become due, waived his discharge, are questions we are not called upon to consider, because for that part of the rent which accrued prior to August 31, 1878, the plaintiffs claim to hold the sureties only.

By Gen. Laws, c. 250, s. 20, the court is to cause the plaintiffs' damages, including compensation for the use and detention of the property to be assessed, and may issue execution therefor, or the same may be recovered on the recognizance. No judgment for any part of the rent can be rendered against the sureties in this suit, because they are not parties here. The plaintiffs' damages for the use and detention of the premises may be assessed from August 31, 1878, to the time judgment is rendered, at $25 per month, and the plaintiffs ·have judgment and execution therefor against the defendant, and a writ of possession for the demanded premises, with costs against the defendant; or, the recognizance being forfeited and the forfeiture made matter of record (*Philbrick* v. *Buxton*, 43 N. H. 462), the plaintiffs at their election may bring suit upon the recognizance against the defendant and his sureties, when, upon chancering the recognizance (G. L., c. 232, s. 9), the question whether the defendant by recognizing waived his discharge, if raised, can be considered.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.